UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY KOCSIS,

    Plaintiff,                                   CIVIL ACTION NO. 07-14608

    v.                                           DISTRICT JUDGE PAUL V. GADOLA

CRAIG HUTCHINSON, GEORGE          MAGISTRATE JUDGE VIRGINIA M. MORGAN
PRAMSTALLER, DONN M.
DOUGHERTY, ROBERT CROMPTON,
AND DIRECTOR PATRICIA CARUSO,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**I. Introduction**

This is a *pro se* 42 U.S.C § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that the defendants deprived plaintiff of his rights under the United States Constitution. The matter comes before the court on Defendants Hutchinson and Crompton's Motion to Dismiss (D/E #16), Defendants Pramstaller and Caruso's Motion to Dismiss (D/E #19), and Defendants Hutchinson, Dougherty and Crompton's Motion to Dismiss (D/E #23). For the reasons discussed below, this Court recommends that defendants' motions be **GRANTED** and plaintiff's complaint **DISMISSED WITHOUT PREJUDICE**.

## II. Background

### A. Complaint

On October 29, 2007, plaintiff filed the complaint in this matter (D/E #1). In that complaint, plaintiff alleges that, on July 13, 2006, Dougherty, a prison medical doctor, ordered that the medical treatment for plaintiff's Hepatitis-C be stopped. (Complaint, p. 1 of Statement of Facts) Dougherty allegedly made that determination after finding that plaintiff was unresponsive to the treatment, despite the fact that the treatment was unsuccessful because Dougherty had also prescribed plaintiff "Metamucil Powder" without telling plaintiff not to take it at the time of his Hepatitis-C medications. (Complaint, p. 1 of Statement of Facts) Plaintiff further alleges that the warning label on the powder clearly states that Metamucil may affect how well other medications work and, if a person is taking a prescription medicine by mouth, he should take the Metamucil either two hours before the other medicine or two hours after. (Complaint, p. 1 of Statement of Facts) According to plaintiff, he was taking the Metamucil ten minutes after his Hepatitis-C medication. (Complaint, p. 1 of Statement of Facts)

Plaintiff also alleges that, after his Hepatitis-C treatment was stopped, he tried everything to get it restarted, but "everyone" refused to hear his grievances. (Complaint, p. 2 of Statement of Facts) In plaintiff's view, by refusing to hear plaintiff's grievances, the medical directors of the MDOC were therefore deliberately indifferent to plaintiff's serious medical needs. (Complaint, p. 2 of Statement of Facts)

As relief, plaintiff requests an order requiring the MDOC to restart plaintiff's Hepatitis-C treatment and to run the treatment for the full forty-eight weeks. Plaintiff also requests costs and fees.

**B. Motions Pending Before the Court**

**1. Defendants Hutchinson and Crompton's Motion to Dismiss (D/E #16)**

On February 26, 2008, defendants Hutchinson and Crompton filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (D/E #16). In that motion, defendants argue that they should be dismissed from this action because beyond naming them as defendants, plaintiff failed to make any allegations of deliberate indifference against them in his complaint.

Plaintiff did not file a response to Hutchinson and Crompton's motion to dismiss.

**2. Defendants Pramstaller and Caruso's Motion to Dismiss (D/E #19)**

On March 11, 2008. defendants Pramstaller and Caruso filed a motion to dismiss pursuant to Fed. R. Civ. P. 12[1] (D/E #19). In that motion, defendants argue that they should be dismissed from this action because plaintiff failed to exhaust his administrative remedies with respect to any claims against them and because plaintiff failed to make any specific allegations of deliberate indifference against them in his complaint.[2]

---

[1]Pramstaller and Caruso do not indicate what provision of Fed. R. Civ. P. 12 is the basis for their motion, but the motion appears to be made pursuant to Fed. R. Civ. P. 12(b)(6) given their arguments regarding the insufficiency of plaintiff's pleading.

[2]Pramstaller and Caruso attached affidavits to their motion and cited to such affidavits in the background section of their brief (D/E #19). In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court generally may not consider any facts outside the complaint and exhibits attached thereto. See, e.g., Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001). When matters outside the pleadings, including affidavits, are presented to the

On March 19, 2008, plaintiff filed a response to Pramstaller and Caruso's motion to dismiss (D/E #22). In that response, plaintiff argues that Pramstaller perjured himself in the affidavit attached to defendants' motion when he stated that he had no knowledge of plaintiff's treatment. Plaintiff also argues that letters he sent into the court demonstrate Pramstaller's knowledge of plaintiff's treatment.

**3. Defendants Hutchinson, Dougherty and Crompton's Motion to Dismiss (D/E #23)**

On March 28, 2008, defendants Hutchinson, Dougherty and Crompton filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (D/E #23). In that motion, defendants argue that the claims against them should be dismissed because plaintiff failed to exhaust his administrative remedies against them.

Plaintiff did not file a response to Hutchinson, Dougherty and Crompton's motion to dismiss.

### III. Standard of Review

Defendants all move to dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. Pro. 12(b)(6). Fed. R. Civ. P. 12(b)(6) provides for dismissal of a claim for "failure to state a claim upon which relief can be granted." The Supreme Court clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion in Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). See also Association of

---

court in support of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the motion may be treated as a motion for summary judgment if all parties are given a "reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed. R. Civ. P. 12(d). In this case, the outside evidence is not relevant to defendants' arguments regarding plaintiff's complaint and the Court need not consider it or construe defendants' motion as one for summary judgment.

Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). In Twombly, the Supreme Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 127 S.Ct. at 1964-65 (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Twombly, 127 S.Ct. at 1969.

## IV. Discussion

### A. Exhaustion of Administrative Remedies

All five defendants argue that the claims against them should be dismissed because plaintiff failed to exhaust his administrative remedies prior to filing suit. Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended 42 U.S.C. §§ 1997e *et seq.*, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, exhaustion of available administrative remedies is mandatory in order for prisoners to bring a claim in federal court. Jones v. Bock, __ U.S. __, __, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007); Woodford v. Ngo, __ U.S. __, __, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368 (2006). Not only must the prisoner exhaust all available remedies but such exhaustion must be proper, including "compliance with an agency's deadlines and other critical procedural rules." Woodford, 126 S.Ct. at 2386 (holding that an inmate's exhaustion must be in compliance with applicable grievance procedures, specifically deadlines, because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings").

In this case, defendants provided both a grievance inquiry sheet for plaintiff (D/E #19, Exhibit E) and the three grievances filed by plaintiff after his treatment was stopped: ECF-06-06-1079-15a (D/E #19, Exhibit H), ECF–0-28i (D/E #19, Exhibit F) and ECF-06-08-1483-28i (D/E #19, Exhibit G). Each of those grievances will be examined in turn.

In grievance ECF-06-06-1079-15a (Docket #19, Exhibit H), plaintiff filed a grievance on June 29, 2006 alleging that the prison Mail Room had inappropriately rejected the cover that came on a Bible that was sent to Plaintiff. That issue has nothing to do with the issues alleged in plaintiff complaint and, therefore, it does not demonstrate that plaintiff exhausted his administrative remedies in this case.

In grievance ECF–0-28i (Docket #19, Exhibit F), plaintiff filed a grievance on July 21, 2006 directly to Step III of the MDOC grievance procedures alleging that Crompton was corrupt and that Crompton had altered plaintiff's lab results in order to deny plaintiff treatment for

plaintiff's Hepatitis-C condition. At Step III, the grievance was returned without action because plaintiff failed to comply with PD 03.02.130, which requires that a prisoner attempt to resolve an issue with the involved staff prior to filing the grievance. Given that the grievance was dismissed because plaintiff failed to follow MDOC policy directions, plaintiff failed to comply with MDOC's procedural rules and he did not exhaust his claims in this case through grievance ECF-0-28i. See Woodford, 126 S.Ct. at 2386.

In grievance ECF-06-08-1483-28i (D/E #19, Exhibit G), plaintiff filed a grievance on August 24, 2006, again alleging that Crompton was corrupt and that Crompton had altered plaintiff's lab results so that plaintiff's treatment would be stopped. Plaintiff also specifically noted in that grievance that Dougherty had been providing plaintiff with treatment. The grievance was denied at Step I because plaintiff did not attempt to resolve the grievance with staff prior to filing it as required by PD 03.02.10. Plaintiff appealed to Step II, where his grievance was denied after it was determined that plaintiff had received the appropriate care. Specifically, the MDOC respondent found that plaintiff's medical records indicated he was not responding to treatment, there were risks of side effects if plaintiff's treatment was continued, and the lab results could not have been tampered with at the facility level because they had been sent to a private lab. Plaintiff appealed his grievance to Step III, where his grievance was denied because "upon further review of the documents presented, the record supports the Step One and Step Two responses to the grievance."

Given that grievance ECF-06-08-1483-28i was denied as Step I because plaintiff failed to comply with MDOC's procedural rules, he could be seen as failing to exhaust his claims through

that grievance because he failed to comply with MDOC's procedural rules.  However, while grievance ECF-06-08-1483-28i was denied on procedural grounds at Step II, it was denied on the merits at Step II and that decision on the merits was upheld at Step III.[3]  In light of those decisions on the merits, plaintiff should be deemed to have fully exhausted the claims found in grievance ECF-06-08-1483-28i, despite the fact that he failed to comply with all procedural rules.  Such a finding would be consistent with the goals of the exhaustion requirement as the Sixth Circuit has identified the benefits of exhaustion to include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record."  Jones, 127 S.Ct. at 923.  In this case, the prison had an opportunity to address the complaints found in grievance ECF-06-08-1483-28i, it did in fact address those complaints on the merits, and this litigation was improved by the preparation of a useful record.[4]

Nevertheless, even if the claims found in grievance ECF-06-08-1483-28i are deemed to be fully exhausted, plaintiff did not properly exhaust his administrative remedies with respect to

---

[3]As discussed above, grievance ECF-06-08-1483-28i was also denied on procedural grounds at Step II.

[4]To the extent defendants argue that the grievance procedure failed to provide them with notice of plaintiff's claim, the Sixth Circuit has noted that, while the grievance procedure may promote early notice to those who might later be sued, that has not been thought to be one of the leading purposes of the exhaustion requirement.  Jones, 127 S.Ct. at 923, citing Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2006) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation").

the claims found in his actual complaint given the subject matter of that ECF-06-08-1483-28i. As discussed above, plaintiff's complaint alleges that Dougherty improperly ordered that the medical treatment for plaintiff's Hepatitis-C be stopped, despite the fact that the treatment was unsuccessful because of Dougherty's neglect with respect to the Metamucil Powder, and that the medical directors of the MDOC were deliberately indifferent to plaintiff's serious medical needs by not restarting plaintiff's treatment. Grievance ECF-06-08-1483-28i, on the other hand, only alleges misconduct on the part of Crompton and that alleged misconduct consisted of altering lab tests. The grievance does not mention Metamucil Powder, the powder's effect on plaintiff's treatment, or the failure to medical directors to restart plaintiff's treatment. Thus, the issue in grievance ECF-06-08-1483-28i has nothing to do with the issues alleged in plaintiff complaint it does not demonstrate that plaintiff exhausted his administrative remedies.

As noted above, plaintiff filed three grievances after his treatment was stopped. However, none of those grievances demonstrate that plaintiff properly exhausted his administrative remedies with respect to the claims found in his complaint prior to filing suit and his complaint should be dismissed pursuant to 42 U.S.C. §§ 1997e(a).

**B. Failure to State a Claim**

Defendants Hutchinson, Crompton, Pramstaller and Caruso also argue that plaintiff failed to state a claim upon which relief can be granted against them because plaintiff failed to make any specific allegations against them. To succeed in a claim under § 1983, a plaintiff must show personal involvement by the defendant in the constitutional violation; at a minimum, the defendants must have encouraged or condoned the illegal actions of the other defendants.

Salehpour v Univ. of Tenn., 159 F.3d 199, 206-207 (6th Cir. 1998); Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam).

In this case, plaintiff's complaint makes no allegations of personal involvement against Hutchinson, Crompton, Pramstaller or Caruso and those defendants are only mentioned in the caption of the complaint. By failing to make any specific allegations of personal involvement against Hutchinson, Crompton, Pramstaller and Caruso, plaintiff has failed to state a claim upon which relief can be granted with respect to those defendants and the case against them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's complaint does identify Hutchinson and Pramstaller as medical directors (Complaint, pp. 1-2) while claiming that "medical directors" were deliberately indifferent to his serious medical needs when they refused to hear plaintiff's grievances or restart his treatment. However, even if the claim regarding medical directors is deemed to be against Hutchinson and Pramstaller, a respondeat superior theory of liability, based on the right to control employees, is not cognizable under 42 U.S.C. § 1983. See Turner v. City of Taylor, 412 F.3d 629, 649 (6th Cir. 2005); Hays v. Jefferson County, Ky., 668 F.2d 869, 874 (6th Cir.1982). "Thus, a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (citations omitted). Moreover, the Sixth Circuit held in Shehee v. Luttrell, that a denial of an administrative

grievance and the failure to remedy the alleged constitutional violation did not constitute sufficient involvement to establish liability under 42 U.S.C. § 1983. Shehee, 199 F.3d at 300.

In this case, plaintiff's claims with respect to the medical directors relates solely to those medical directors' reactions to the alleged constitutional violation committed by Dougherty. However, as discussed above, a denial of an administrative grievance and the failure to remedy the alleged constitutional violation do not constitute sufficient involvement to establish liability under 42 U.S.C. § 1983 and, at a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Shehee, 199 F.3d at 300. Plaintiff makes no such allegations against the medical directors in this case and, therefore, to the extent plaintiff even alleges a claim against Hutchinson and Pramstaller on the basis of their status as medical directors, plaintiff merely asserts a respondeat superior theory of liability and his claim should still be dismissed.

**V. Conclusion**

For the reasons discussed above, the court recommends that defendants' motions be **GRANTED** and plaintiff's complaint **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

<u>s/Virginia M. Morgan</u>
Virginia M. Morgan
United States Magistrate Judge

Dated: July 30, 2008

**<u>PROOF OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on July 30, 2008.

<u>s/Jane Johnson</u>
Case Manager to
Magistrate Judge Virginia M. Morgan