UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY KOCSIS,

                Plaintiff,

                                  CIVIL CASE NO. 07-14608

v.

CRAIG HUTCHINSON, GEORGE        HONORABLE STEPHEN J. MURPHY, III
PRAMSTALLER, DONN M.
DOUGHERTY, ROBERT
CROMPTON, AND DIRECTOR
PATRICIA CARUSO,

                Defendants
_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION

### INTRODUCTION

Before the Court are the defendants' motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Report and Recommendation of the Honorable Virginia M. Morgan, United States Magistrate Judge. The Magistrate Judge served the Report and Recommendation [docket entry #32] on the parties on July 30, 2008, and notified the parties that any objections must be filed within ten days of service. This case was administratively reassigned from the Honorable Paul V. Gadola to the undersigned on September 4, 2008 [docket entry #35]. The plaintiff delivered separate one-page, typed letters to each Magistrate Judge Morgan and Judge Gadola on August 8, 2008, and September 9, 2008, respectively [docket entries #34, 36]. The Court has liberally construed those letters as objections and, after review, finds that oral argument on this

matter is not required. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the Court will overrule the objections and accept and adopt the Report and Recommendation.

## STANDARD OF REVIEW

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party objects to portions of the Report and Recommendation, the Court reviews those portions de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1) (C). In this case, the plaintiff has filed two letters which the Court has liberally construed as objections to the Magistrate Judge's Report and Recommendation. Accordingly, the Court has conducted a de novo review of the record.

## ANALYSIS

The plaintiff originally filed his complaint on October 29, 2007, alleging that the defendants have been deliberately indifferent to his hepatitis-C medical condition. In particular, the plaintiff claims that the defendants stopped his treatment for hepatitis-C and have refused to restart it. The plaintiff's treatment was stopped when lab test results

determined that the plaintiff was not responsive to the treatment regime being used.  The plaintiff asserts that any determination that he was unresponsive to the treatment was due to the fact that he was concurrently using Metamucil powder, the powder having an adverse effect on the efficacy of the hepatitis-C treatment.  The plaintiff asserts that he was never instructed refrain from taking the Metamucil powder at the same time as the hepatitis-C treatment.  Despite the plaintiff's repeated requests, the defendants have refused to restart the hepatitis-C treatments and therefore, the plaintiff asks the Court for an order compelling the defendants to do so.  The plaintiff also seeks costs incurred in bringing this cause of action.

Magistrate Judge Virginia Morgan considered the defendants' motions to dismiss and recommended that the plaintiff's complaint be dismissed for several reasons.  First, Magistrate Judge Morgan concluded that the plaintiff had not properly exhausted his administrative remedies with respect to the claims asserted in the complaint.  Some of the grievances filed by the plaintiff failed to comply with the MDOC's policy directions while the remainder failed to present claims to the MDOC that relate to the claims now asserted.  Therefore, the claims set forth in the present complaint have not been administratively exhausted.  Second, Magistrate Judge Morgan concluded that the plaintiff had failed to allege any personal involvement in the events surrounding the complaint with respect to Hutchinson, Crompton, Pramstaller, and Caruso.  Furthermore, to the extent that allegations against Hutchinson and Pramstaller can be inferred based upon their supervisory duties over the other defendants, liability cannot be asserted under 42 U.S.C.

§ 1983 under a theory of respondeat superior.

The plaintiff's response to the Report and Recommendation consists of two letters, one sent directly to Judge Gadola and one sent to Magistrate Judge Morgan. In those letters, which the Court has liberally construed as objections, the plaintiff concedes that there is a rationale to dismiss the case against all the defendants with the exception of Pramstaller. The plaintiff argues that Pramstaller should be held responsible because, as a supervisor of the medical staff, he was aware of the plaintiff's problems and failed to take corrective action. The plaintiff also concedes that he didn't bring up the Metamucil issue in the grievances but argues that "exhusting [sic] our administrative remedies [is] a 'Joke' because [the prison officials] just move you to different facilities where you can't follow up on anything." Letter to Judge Gadola, *see* docket entry #36.

After conducting a de novo review of those portions of the Report and Recommendation to which objections have been filed, the Court concludes that the Report and Recommendation is legally sound and factually correct. A complaint brought by a prisoner alleging an action under 42 U.S.C. § 1983 with respect to prison conditions may not be brought unless the administrative remedies that are available are exhausted. 42 U.S.C. § 1997e(a); Jones v. Bock, ___ U.S. ___, ___; 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007); *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368 (2006). In the present case, the relief the plaintiff now seeks relates to actions that either were not raised in his grievances, and thus not exhausted, or actions that were alleged only in grievances that did not comply with the Michigan Department of Corrections policies. *See*

4

*Woodford*, 548 U.S. at 90-91 (not only must an inmate exhaust the remedies available, but the exhaustion must be in compliance with the rules of the grievance system). As a result, the claim in the complaint is not properly before the Court and should be dismissed.

Furthermore, a review of the complaint demonstrates that within his two pages of narrative facts, the plaintiff has made no allegations regarding Hutchinson, Crompton, Pramstaller, or Caruso, by name. The plaintiff does baldly assert that "medical directors" within the MDOC were deliberately indifferent to his condition because they did not order the doctors to restart the plaintiff's hepatitis treatments. According to the plaintiff, the defendant Hutchinson is the Director of Correctional Medical Services and Pramstaller is the Medical Director of the Michigan Department of Corrections. However, even granting the most liberal reading of the facts in the complaint, the allegations about these two defendants are insufficient to withstand the motions to dismiss. A claim brought under 42 U.S.C. § 1983 cannot rely upon a theory of respondeat superior for liability. *See Turner v. City of Taylor*, 412 F.3d 629, 649 (6th Cir. 2005). A defendant's supervisory role over other employees is not sufficient to sustain a claim. *See Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)("Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act. . . . Liability under this theory must be based upon more that a mere right to control employees and cannot be based upon simple negligence.") As a result, the plaintiff's claims against Pramstaller and Hutchinson fail for this reason as well.

## CONCLUSION

Accordingly, after conducting the requisite do novo review, **IT IS HEREBY ORDERED** that the Report and Recommendation of Magistrate Judge Virginia M. Morgan [docket entry #32] is **ACCEPTED AND ADOPTED** as the order of the Court.

**IT IS FURTHER ORDERED** that the plaintiff's complaint [docket entry #1] is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

    s/Stephen J. Murphy, III
    Stephen J. Murphy, III
    United States District Judge

Dated: November 12, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 12, 2008, by electronic and/or ordinary mail.

    s/Alissa Greer
    Case Manager